UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURA ESPERANZA PENA,

    Plaintiff,

v.                              Case No:   6:15-cv-69-Orl-18TBS

CHRISTOPHER MARCUS, OSVALDO CRUZ, KRISTOPHER LOTT, MATTHEW BUTLER, BRIAN BEALIEU, CHRIS DELOTTE, ERIC SHELLENBERGER, CHRISTOPHER WRZESIAN and JOHN TORRES,

    Defendants.

## ORDER

This case comes before the Court on Defendants' Unopposed Motion to Seal Plaintiff's Medical Record and Documentation Referring to Same (Doc. 95). Defendants wish to file an Orange County Fire Rescue Incident Report in support of their pending motion for summary judgment (Id., ¶ 1). According to Defendants, the incident report is a medical record concerning Plaintiff that is evidence to rebut his claim that he was deprived of medical care (Id., ¶ 4). Defendants assert that a sealing order is necessary because the incident report is private and confidential pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1301 *et seq.*, and Florida state law (Id.).

HIPAA is intended to keep a person's protected health information strictly confidential. OPIS Management Resources, LLC v. Secretary, Florida Agency for Health Care Admin., 713 F.3d 1291, 1293 (11th Cir. 2013). Protected health information includes information maintained by a covered entity that can identify a person and relates to that

person's health, the receipt of healthcare services by the person, or the past, present, or future payment for healthcare services provided to the person. 45 C.F.R. § 164.514(b). Covered entities include health care providers. 45 C.F.R. § 160.103. Protected health information may be disclosed in judicial proceedings pursuant to court order. 45 C.F.R. § 164.512(e). The question is whether, if filed, the incident report should be maintained under seal where it cannot be viewed by the public.

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern,'" Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)), "and '[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" Id. (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)). "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." Chicago Tribune Co., 263 F.3d at 1311 (citing Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 597 (1978)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" Romero, 480 F.3d at 1246 (quoting Chicago Tribune Co., 263 F.3d at 1309. In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id.

HIPAA recognizes and protects Plaintiff's privacy interest in his personal healthcare information. This privacy interest constitutes good cause to seal the incident report in the record. Accordingly, the motion to seal is **GRANTED**. The Clerk shall maintain the incident report **UNDER SEAL** until the conclusion of the case, including any appeals, or further order of the Court, whichever occurs first.

**DONE** and **ORDERED** in Orlando, Florida on October 12, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record